UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHALIN MERRIHEW,

    Plaintiff,

v.                                            Case No. 3:21cv4956-TKW-HTC

THEODORE ROODHOF and
THOMAS BAKKEDAHL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Chalin Merrihew initiated this action by filing a *pro se* civil complaint based on Defendants' alleged breach of contract and resulting property damage.[1]  ECF Doc. 1.  Plaintiff also filed a motion to proceed *in forma pauperis*.  ECF Doc. 2.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636.  After an initial review, the undersigned finds venue is not proper in this district.  Namely, the property at issue, the Defendants, and potential witnesses are all located

---

[1] Although Plaintiff states he placed the complaint in the hands of prison mail officials on November 29, which was received by the clerk's office on December 9, the clerk did not open the case until February 11, 2022.  Instead, the clerk inadvertently docketed the complaint in another case Plaintiff has with this Court, 4:21cv474, and was unaware of the error until Plaintiff filed a notice of successive inquiry.  ECF Doc. 4.

in the Southern District of Florida. Thus, the undersigned recommends this matter be transferred to the Southern District of Florida.

## I. THE COMPLAINT

Plaintiff, a prisoner at Florida State Prison ("FSP") brings this action against Defendants Theodore Roodhof and Thomas Bakkedahl for an alleged breach of "a UCC Security Agreement & Hold Harmless Indemnity Agreement" covering Plaintiff's property in Martin County, Florida. ECF Doc. 1 at 4. Plaintiff, who appears to be a Sovereign Citizen, alleges Defendants' breach caused property damage in the amount of $1,037,975.36 and personal injury damage in the amount of $198.00. *Id.* Plaintiff identifies two (2) witnesses to the action who reside in Palm City, Florida and Stuart, Florida. *Id.* Plaintiff also provides a summons for Defendants Roodhof and Bakkedahl, listing an address for each in Stuart, Florida. Stuart, Florida and Palm City, Florida are in Martin County, which is located in the Southern District of Florida.

## II. IMPROPER VENUE

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

As stated above, the property at issue in the complaint is located in Martin County, and both Defendants reside in Martin County. Martin County is located in the Southern District of Florida. *See* https://www.flsd.uscourts.gov/federal-judicial-districts-florida. Plaintiff does not allege any of the events occurred in the Northern District or that any of the parties reside in the Northern District.[2] Thus, under 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the Southern District.

Pursuant to 28 U.S.C. § 1406, when a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rather than dismiss this action, the Court finds this case should be transferred to the Southern District.

Moreover, transferring this action to the Southern District is proper under 28 U.S.C. § 1404(a) because the two (2) witnesses identified by Plaintiff both reside in Martin County. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and

---

[2] Plaintiff's current place of incarceration is also not in the Northern District. Plaintiff is incarcerated in the Middle District.

Case No. 3:21cv4956-TKW-HTC

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have bene brought or to the district or division to which all parties have consented"). The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[3] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

Accordingly, it is respectfully RECOMMENDED that:

1. The clerk be directed to TRANSFER this case to the United States District Court for the Southern District of Florida.

2. The clerk be directed to close this file in the Northern District.

At Pensacola, Florida, this 16th day of February, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Here, this report and recommendation will serve as notice to Plaintiff, and Plaintiff will be able to file objections prior to the case being transferred.

Case No. 3:21cv4956-TKW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv4956-TKW-HTC